UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:05CV-00081-TBR

BILLY EUGENE GLODJO                                              PETITIONER

VS.

PATTI WEBB, Warden                                              RESPONDENT

FINDINGS OF FACT, CONCLUSIONS OF LAW
AND RECOMMENDATION

BACKGROUND

Petitioner, *pro se,* has filed a petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2254 with a supporting memorandum and attached exhibits (DN 1).  The petition and supporting

memorandum identify nine (9) separate grounds for relief (DN 1).  The district court referred this

matter to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and

(B) (DN 5).

Respondent has filed an answer and supporting memorandum in opposition to the

petition for writ of habeas corpus (DN 9).  Petitioner has filed a reply memorandum (DN 17).  For

the reasons set forth below the undersigned concludes than an evidentiary hearing is not necessary

to address the claims asserted by petitioner.  The issues raised by the petitioner are fully developed

and this matter is ripe for determination.

FINDINGS OF FACT

On November 2, 1994, a Grand Jury in Warren County, Kentucky, returned a 4-count

indictment against petitioner, Billy Eugene Glodjo ("Glodjo") (DN 9, Appendix Volume III at 107).

The indictment charged Glodjo with (1) the murder of his girlfriend, Cheryl Cherry, by intentionally or wantonly causing her death by running over her with an automobile; (2) first-degree wanton endangerment and second-degree assault arising from his conduct against Kenneth Chilson;[1] and (3) being a persistent felony offender ("PFO") in the first degree as a result of two prior conviction for first-degree wanton endangerment (DN 9, Appendix Volume III at 107).  Subsequently, the trial court dismissed the wanton endangerment and assault charges that arose from Glodjo's conduct against Kenneth Chilson (DN 9, Appendix Volume III at 107).  Glodjo proceeded to trial on the charges of murder and PFO in the first degree (DN 9, Appendix Volume III at 107).

In January of 1996, a jury trial was conducted in the Warren Circuit Court.  The Commonwealth's evidence at trial showed the following: (1) Neighbors heard Glodjo and Cherry arguing prior to Glodjo's vehicle running over Cherry; (2) A neighbor saw and heard Glodjo rev up his car engine before pulling forward ten to fifteen feet onto the front yard, running over Cherry; (3) Neighbors heard Glodjo again rev up his engine before backing up over Cherry; (4) Cherry told neighbors that Glodjo ran over her with his vehicle; and (5) Glodjo fled the scene after running over Cherry (DN 9, Appendix Volume I at 2, 6).

In his defense, Glodjo acknowledged that he ran over Cherry but contended it was an accident (DN 9, Appendix Volume I at 2).  Glodjo testified Cherry left the home before he did and he did not know Cherry was in the front yard (DN 9, Appendix Volume I at 2).  Further, he testified it was dark and due to the tinting of his vehicle windows and a Halloween display in the front yard he did not see Cherry as he tried to turn around in the front yard so he could drive rather

---

[1]Chilson pulled up in front of Cheryl Cherry's house shortly after Glodjo ran over her with his automobile (DN 9, Appendix Volume III at 107 n. 1).

than back out of the driveway (DN 9, Appendix Volume I at 2).

On January 30, 1996, a jury found Glodjo guilty of the lesser included offense of first-degree manslaughter (DN 9, Appendix Volume III at 107).  During the penalty phase of the trial, the jury recommended that Glodjo be sentenced to twenty years in prison (DN 9, Appendix Volume III at 107).  Glodjo's sentence was enhanced to life imprisonment when the jury found him to be a persistent felony offender (DN 9, Appendix Volume III at 107).  The trial court, on March 18, 1996, entered its judgment of conviction against Glodjo and imposed the jury's recommended sentence (DN 9, Appendix Volume I at 2 and Volume III at 107).

On direct appeal to the Supreme Court of Kentucky, two briefs were filed on behalf of Glodjo (DN 9, Appendix Volume I at 1).  The first brief, filed by appellate counsel, argued that Glodjo was denied a fair trial when the Commonwealth placed undue emphasis upon the testimony of a key prosecution witness by replaying the testimony during closing argument (DN 9, Appendix Volume I at 1).  Glodjo, *pro se*, filed the second brief (DN 9, Appendix Volume I at 1).  In his brief Glodjo argued that he was denied a fair trial because (1) he was convicted on a defective indictment; (2) there was insufficient evidence for a conviction of first-degree manslaughter; (3) the Commonwealth introduced autopsy photographs that had no relevance, inflamed the jurors' passion, and prejudiced him; (4) the Commonwealth misstated evidence and expressed opinions in closing argument; and (5) the Commonwealth's Attorney had a conflict of interest in the case (DN 9, Appendix Volume I at 1-2).  The Supreme Court of Kentucky found no reversible error, affirmed the judgment and sentence (DN 9, Appendix Volume I at 1-11).

On August 31, 1998, Glodjo filed a collateral attack motion pursuant to Ky.R.Crim.P. 11.42 (DN 9, Appendix Volume III at 108).  In his Rule 11.42 motion Glodjo alleged that his trial

3

attorneys, Stephen Todd and Phillip Kimbel, rendered ineffective assistance because they failed to: (1) conduct an independent investigation into the underlying facts behind Cherry's death; (2) examine the physical site of Cherry's death; (3) find and produce evidence that would have contradicted testimony from two prosecution witnesses; (4) interview potential witnesses; (5) effectively cross-examine prosecution witnesses; (6) present a proper defense; (7) make necessary objections; and (8) move to suppress the admission of the factual content behind his prior felony convictions (DN 9, Appendix Volume III at 108). On August 25, 2000, Glodjo supplemented his Rule 11.42 motion by alleging his counsel rendered ineffective assistance because they failed to: (1) retain an accident reconstruction expert; and (2) improperly investigate his mental health history (DN 9, Appendix Volume III at 108).

     The trial court conducted an evidentiary hearing on January 12, 2001 (DN 9, Appendix Volume III at 108). During the evidentiary hearing Glodjo called his two trial attorneys and an accident reconstruction expert as well as testified on his own behalf (DN 9, Appendix Volume III at 108-109). On April 4, 2003, the trial court entered an order overruling Glodjo's Rule 11.42 motion (DN 9, Appendix Volume III at 109).

     In his brief to the Kentucky Court of Appeals Glodjo presented eight separate arguments regarding ineffective assistance by trial counsel (DN 9, Appendix Volume IIA at 13-17). Specifically, Glodjo argued that he received ineffective assistance because trial counsel failed to: (1) conduct an adequate independent investigation into the facts and circumstances surrounding Cherry's death; (2) obtain an accident reconstruction expert to support the defense theory that Cherry's death was accidental; (3) investigate fully the relationship between the Commonwealth's key witnesses and the victim's son to demonstrate bias in their testimony; (4) properly investigate

4

the crime scene and obtain photographic or video tape evidence to impeach Commonwealth's key witnesses Billy Benson and Brandi Sanders on cross-examination; (5) adequately cross-examine and impeach Benson's inconsistent statements and trial testimony; (6) investigate Glodjo's history of post-traumatic stress disorder and other mental illnesses and to present the fruits of this investigation during the guilt phase and as mitigation evidence during the penalty phase of trial; (7) object to the reading of the indictments related to his prior felony convictions during the penalty phase of trial; and (8) advise Glodjo before he took the witness stand that he would be required to answer questions regarding the severed offenses of assault second degree and wanton endangerment first degree and failed to inform Glodjo to invoke his Fifth Amendment rights in relation to such questions (DN 9, Appendix Volume IIA at 13-17, 20-21).  In an opinion rendered February 11, 2005, the Kentucky Court of Appeals affirmed the trial court's order denying the Rule 11.42 motion (DN 9, Appendix Volume III at 106-115).

Glodjo then moved for discretionary review by the Supreme Court of Kentucky (DN 9, Appendix Volume IV at 116-131).  In his motion Glodjo raised the same eight claims of ineffective assistance of counsel that he set forth in his appellate brief to the Kentucky Court of Appeals (DN 9, Appendix Volume IV at 116-131).  The Supreme Court of Kentucky denied Glodjo's motion for discretionary review.

CONCLUSIONS OF LAW

Since Glodjo filed his petition for writ of habeas corpus on June 15, 2005 (DN 1) review of the state court decisions is governed by Chapter 153 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 (1996) ("AEDPA").  Lindh v.

Murphy, 521 U.S. 320, 336 (1997).  As to each claim made by Glodjo, the Court must  determine

first whether a constitutional right has been violated.  Williams v. Taylor, 529 U.S. 362, 367 (2000).

If the answer is in the affirmative and the state court adjudicated the claim on its merits, this Court

must then employ the standard of review set forth in 28 U.S.C. § 2254(d) to determine whether to

grant the petition.  Williams, 529 U.S. at 367, 402-403, 412-413.  As amended, by Chapter 153 of

AEDPA, § 2254(d) provides as follows:

> "An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted with
> respect to any claim that was adjudicated on the merits in State court
> proceedings unless the adjudication of the claim--
>
> (1) Resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established federal law, as determined
> by the Supreme Court of the United States; or
>
> (2) Resulted in a decision that was based on an unreasonable
> determination of facts in light of the evidence presented in the State court
> proceeding."

Under the "contrary to" clause of § 2254(d)(1), the Court may grant the petition if

"the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] ... on a

question of law or if the state court decides a case differently than ...[the Supreme Court] ... has on

a set of materially indistinguishable facts."   Williams, 529 U.S. at 412-413.   Under the

"unreasonable application" clause of § 2254(d)(1), the Court may grant the petition if  "the state

court identifies the correct governing principle from ... [the Supreme Court's] ... decisions but

unreasonably applies that principle to the facts of the prisoner's case."  Id. at 413.  To meet this

standard the State court's application of clearly established federal law must be more than incorrect,

it must be objectively unreasonable.  Id. at 409-411.  To meet the "unreasonable determination of

facts" standard in § 2254(d)(2) the undersigned opines the State court's determination of facts must

be more than incorrect, it must be objectively unreasonable.  In sum, § 2254(d), as amended by Chapter 153 of AEDPA, places constraints on the power of the Court to grant a petition as to constitutional claims adjudicated on the merits in the State courts.  Williams, 529 U.S. at 412.

A

In Ground 1 Glodjo argues he received ineffective assistance because trial counsel failed to conduct an adequate independent investigation into the facts and circumstances surrounding the death of Cherry (DN 1, Memorandum at 8-9).  Glodjo asserts his attorneys relied too heavily upon the discovery material provided by the Commonwealth.  He believes counsel should have employed investigators to locate potential exculpatory witnesses and analyze the crime scene for evidence substantiating his claim that Cherry's death was accidental.

The Supreme Court established a two-prong test for determining whether a defendant has been deprived of a fair trial as a result of errors by counsel.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  To satisfy the first prong the petitioner must show counsel's representation fell below an objective standard of reasonableness.  Id. at 687, 688.  In essence, the petitioner must identify the act or omission that he alleges is not the result of reasonable professional judgment and the Court must determine whether, "in light of all the circumstances," the act or omission falls "outside the wide range of professional competent assistance."  Id. at 690.  In doing so, the Court must make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  Id. at 689.  Due to the difficulties inherent in making such an evaluation,

7

the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. Thus, the petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (citation omitted).

To satisfy the second prong, the petitioner must show that there is a "reasonable probability" that, but for the alleged error or omission by counsel, the result of the proceeding would have been different. Id. at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." Id.

The Court need not conduct the two-prong inquiry in the order identified above or even address both parts of the test if the petitioner makes an insufficient showing on one. Id. at 697. For example, if the Court determines the petitioner failed to satisfy the prejudice prong then it need not determine whether counsel's performance was deficient. Id.

The undersigned concludes that Glodjo has not satisfied his burden as to the prejudice prong as to the claim asserted in Ground 1. He failed to show at the hearing how a more thorough investigation would have aided his defense. Since Glodjo has failed to demonstrate a violation of his Sixth Amendment right to counsel, it is not necessary to perform a § 2254(d) review. Notwithstanding, the rule set forth in Strickland "qualifies as 'clearly established federal law as determined by the Supreme Court of the United States.'" Williams, 529 U.S. at 391 (quoting § 2254(d)(1)). The Kentucky Court of Appeals concluded that Glodjo failed to satisfy the prejudice prong under Strickland because he did not present any evidence showing how a more thorough investigation would have aided his defense at trial (DN 9, Appendix Volume III at 110-111). Further, the State appellate court noted that during the Rule 11.42 evidentiary hearing the trial

8

attorneys both indicated that a more thorough investigation was unnecessary because they possessed more than enough evidence to present an accidental death defense to the jury (DN 9, Appendix Volume III at 110-111).  Clearly, the Kentucky Court of Appeals' adjudication of this claim has not resulted in a decision that is either "contrary to" or involved an "unreasonable application of," the rule set forth in Strickland.  Williams, 529 U.S. at 412-413 (quoting § 2254(d)(1)).  Nor has the Kentucky Court of Appeals made an unreasonable determination of the facts in light of the evidence presented during the State court proceeding.  28 U.S.C. § 2254(d)(2).  In sum, under the standard of review set forth in § 2254(d) Glodjo is not entitled to a writ on the claim set forth in Ground 1 of his petition.

For the reasons set forth above, the undersigned concludes jurists of reason would not find it debatable whether Glodjo has stated a valid claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Therefore, the undersigned does not recommend issuance of a Certificate of Appealability for the claim of ineffective assistance of counsel set forth in Ground 1.

B

In Ground 2 Glodjo argues his trial attorneys were ineffective because they did not retain an accident reconstruction expert to testify at trial (DN 1, Memorandum at 9-15).  His argument ignores Kentucky law at the time of his trial that precluded expert testimony on causation in criminal cases because it invaded the province of the jury.  Renfro v. Commonwealth, 893 S.W.2d 795 (Ky. 1995).  Kentucky law changed in Stringer v. Commonwealth, 956 S.W.2d 883 (Ky. 1997), but that was after the trial in this case.  In light of the law that existed at the time of trial, Glodjo

cannot satisfy his burden as to the performance prong under Strickland.  Notwithstanding, since Glodo admitted that he ran over Cherry the only issue for the jury to decide during the trial was his intent or lack thereof, an issue on which an accident reconstruction expert cannot render an opinion.

Both parties agree that during the Rule 11.42 evidentiary hearing Joseph E. Condor, Jr., testified as an accident reconstruction expert.  Glodjo points out that Condor's investigation revealed factors such as the contour of the front lawn in relation to the driveway and poor lighting that would have impacted his ability to see Cherry on the night in question (DN 1, Memorandum at 11).  However, Glodjo also points out that Condor opined his vehicle was traveling at approximately 11 to 21 miles per hour at the time it struck Cherry, the estimated median speed being 17 miles per hour (DN 1, Memorandum at 4, 11; DN 17 Exhibit B).  Essentially, this opinion shows Glodjo accelerated at a very rapid rate as he entered the front yard from the driveway.  Apparently Glodjo fails to appreciate the damaging inferences that a jury could have drawn from this expert opinion.  Further, this expert opinion actually corroborates prosecution witness testimony that Glodjo revved up his car engine before pulling forward onto the front yard and running over Cherry. In sum, Glodjo ignores the very real possibility that testimony from an accident reconstruction expert could have hurt his defense at trial.  For these reasons, the undersigned concludes Glodjo cannot satisfy his burden as to the performance and prejudice prongs under Strickland.

Since Glodjo has failed to demonstrate a violation of his Sixth Amendment right to counsel, it is not necessary to perform a § 2254(d) review.  Notwithstanding, the Kentucky Court of Appeals noted that at the time the trial occurred Kentucky law did not  allow expert testimony on causation in criminal cases (DN 9, Appendix Volume III at 111).  The State appellate court observed that an expert could not have testified as to Glodjo's intent (or lack thereof) to drive his car over

10

Cherry (DN 9, Appendix Volume III at 111).  Further, the Kentucky Court of Appeals pointed out that during the Rule 11.42 evidentiary hearing Glodjo 's expert admitted that he could give no opinion on Glodjo's intent to injure or kill Cherry at the time of the accident (DN 9, Appendix Volume III at 111).  For the above reasons, the Kentucky Court of Appeals concluded that trial counsel was not ineffective for failing to retain a reconstruction expert (DN 9, Appendix Volume III at 111).  Clearly, the Kentucky Court of Appeals' adjudication of this claim has not resulted in a decision that is either "contrary to" or involved an "unreasonable application of," the rule set forth in Strickland.  Williams, 529 U.S. at 412-413 (quoting § 2254(d)(1)).  Nor has the Kentucky Court of Appeals made an unreasonable determination of the facts in light of the evidence presented during the State court proceeding.  28 U.S.C. § 2254(d)(2).  In sum, under the standard of review set forth in § 2254(d) Glodjo is not entitled to a writ on the claim set forth in Ground 2.

For the reasons set forth above, the undersigned concludes jurists of reason would not find it debatable whether Glodjo has stated a valid claim of the denial of a constitutional right. Slack, 529 U.S. at 484.  Therefore, the undersigned does not recommend issuance of a Certificate of Appealability for the claims set forth in Ground 2.

C

In Ground 3 Glodjo argues he received ineffective assistance because counsel failed to investigate fully the relationship between the Commonwealth's key witnesses (Benson and Sanders) and the victim's son (Bryan Cherry) (DN 1, Memorandum at 15-17).  Glodjo argues this investigative omission prevented counsel from exposing bias on the part of these witnesses during cross-examination (DN 1, Memorandum at 15-17).

11

During the Rule 11.42 evidentiary hearing Glodjo submitted pages from the Warren East Middle and High School yearbooks which indicate that Sanders and the victim's son, Bryan Cherry, attended the same school and were in the same grade (DN 1, Memorandum at 16). This evidence falls far short of substantiating Glodjo's bare assertions regarding the extent of the relationship that existed between Benson, Sanders and the victim's son. On this basis alone the undersigned concludes that Glodjo has not satisfied either prong under <u>Strickland</u>.

Since Glodjo has failed to demonstrate a violation of his Sixth Amendment right to counsel, it is not necessary to perform a § 2254(d) review. Notwithstanding, the Kentucky Court of Appeals concluded since Glodjo failed to present any evidence to substantiate his claim he had failed to sustain his burden of satisfying both prongs under <u>Strickland</u>. Clearly, the Kentucky Court of Appeals' adjudication of this claim has not resulted in a decision that is either "contrary to" or involved an "unreasonable application of," the rules set forth in <u>Strickland</u>. <u>Williams</u>, 529 U.S. at 412-413 (quoting § 2254(d)(1)). Nor has the Kentucky Court of Appeals made an unreasonable determination of the facts in light of the evidence presented during the State court proceeding. 28 U.S.C. § 2254(d)(2). In sum, under the standard of review set forth in § 2254(d) Glodjo is not entitled to a writ on the claim set forth in Ground 3.

For the reasons set forth above, the undersigned concludes jurists of reason would not find it debatable whether Glodjo has stated a valid claim of the denial of a constitutional right. <u>Slack</u>, 529 U.S. at 484. Therefore, the undersigned does not recommend issuance of a Certificate of Appealability for the claim set forth in Ground 3.

D

In Ground 4 Glodjo argues he received ineffective assistance because trial counsel failed to properly investigate the crime scene and, as a result, did not obtain the evidence necessary to impeach Benson's and Sanders' testimony (DN 1, Memorandum at 17-20).

During the Rule 11.42 evidentiary hearing both trial attorneys testified they did not feel there was a need to visit the crime scene because they had detailed police photographs of the area and more than adequate evidence to present Glodjo's accident defense.  Thus, Glodjo has not overcome the presumption that, under the circumstances, the challenged conduct was sound trial strategy.  Strickland, 466 U.S. at 689.  Further, testimony by Glodjo's post-conviction accident reconstruction expert and other evidence presented during the evidentiary hearing merely indicates a greater distance  separated Benson and Sanders from the crime scene.  Thus, the evidence has limited impeachment value in regard to Benson's and Sanders' testimony about what they saw and heard that night.  In sum, Glodjo has not sustained his burden as to the prejudice prong under Strickland.

Since Glodjo has failed to demonstrate a violation of his Sixth Amendment right to counsel, it is not necessary to perform a § 2254(d) review.  Notwithstanding, the Kentucky Court of Appeals concluded that Glodjo had failed to sustain his burden of presenting evidence during the evidentiary hearing to substantiate his claim (DN 9, Appendix Volume III at 112).  Clearly, the Kentucky Court of Appeals' adjudication of this claim has not resulted in a decision that is either "contrary to" or involved an "unreasonable application of," the rule set forth in Strickland. Williams, 529 U.S. at 412-413 (quoting § 2254(d)(1)).  Nor has the Kentucky Court of Appeals made an unreasonable determination of the facts in light of the evidence presented during the State

13

court proceeding.  28 U.S.C. § 2254(d)(2).  In sum, under the standard of review set forth in § 2254(d) Glodjo is not entitled to a writ on this claim.

For the reasons set forth above, the undersigned concludes jurists of reason would not find it debatable whether Glodjo has stated a valid claim of the denial of a constitutional right.  Slack, 529 U.S. at 484.  Therefore, the undersigned does not recommend issuance of a Certificate of Appealability for the claim of ineffective assistance of counsel set forth in Ground 4.

E

In Ground 5 Glodjo alleges he received ineffective assistance because counsel failed to impeach Benson with a prior inconsistent statement given to Kentucky State Police Detective Joe Gaddie on October 30, 1994 (DN 1, Memorandum at 20-22).  According to Glodjo, Benson's statement indicates he heard arguing, heard an engine rev up and kick into gear, and then heard a vehicle stop (DN 1, Memorandum at 20).  Glodjo asserts that at trial Benson testified he was on his front porch at around 9:00 p.m., seeing friends off when he heard arguing coming from Cherry's house and that the arguing continued for quite a while (DN 1, Memorandum at 20).  According to Gaddie, Benson also testified that he heard the engine rev up and saw the vehicle dart out of the driveway (DN 1, Memorandum at 20).

Certainly, the statement to Detective Gaddie is not as detailed as Benson's trial testimony.  However, Glodjo did not call Benson and Detective Gaddie to testify during the Rule 11.42 evidentiary hearing.  As a result, the record is not developed regarding the statement and why it is less detailed than Benson's testimony.  For the above reasons, Glodjo cannot demonstrate counsels' representation fell outside the wide range of professionally competent assistance.

14

Strickland, 466 U.S. at 690.  Additionally, Glodjo's bare assertions - - regarding what might have occurred if counsel cross-examined Benson about the difference between his statement and testimony - - are not sufficient to establish a "reasonable probability" that, but for the alleged omission by counsel, the results of the proceeding would have been different.  Id. at 694.

Since Glodjo has failed to demonstrate a violation of Sixth Amendment right to counsel, it is not necessary to perform a § 2254(d) review.  Notwithstanding, the Kentucky Court of Appeals concluded that during the evidentiary hearing Glodjo failed to provide any evidence to support this claim (DN 9, Appendix Volume III at 112).  In sum, the Kentucky Court of Appeals concluded Glodjo's omission amounted to a procedural waiver of the claim and, in the alternative, the claim was without merit because Glodjo failed to provide any evidence to support the claim (DN 9, Appendix Volume III at 112).  In addressing the merits of Glodjo's argument the Kentucky Court of Appeals essentially found he failed to sustain his burden as to both prongs under Strickland (DN 9, Appendix Volume III at 112).  Clearly, the Kentucky Court of Appeals' adjudication of this claim has not resulted in a decision that is either "contrary to" or involved an "unreasonable application of," the rule set forth in Strickland.  Williams, 529 U.S. at 412-413 (quoting § 2254(d)(1)).  Nor has the Kentucky Court of Appeals made an unreasonable determination of the facts in light of the evidence presented during the State court proceeding.  28 U.S.C. § 2254(d)(2).  In sum, under the standard of review set forth in § 2254(d) Glodjo is not entitled to a writ on this claim.

For the reasons set forth above, the undersigned concludes jurists of reason would not find it debatable whether Glodjo has stated a valid claim of the denial of a constitutional right. Slack, 529 U.S. at 484.  Therefore, the undersigned does not recommend issuance of a Certificate of Appealability for the claim set forth in Ground 5.

15

F

In Ground 6 Glodjo argues he received ineffective assistance because counsel failed to investigate and/or present at trial evidence of his history of mental disorders and alcoholism (DN 1, Memorandum at 22-26). Glodjo argues that his attorneys should have investigated his history of post-traumatic stress disorder and alcoholism and then presented this evidence during the guilt and penalty phases of trial (DN 1, Memorandum at 23-26). Glodjo argues this evidence should have been presented to the jury to explain why he fled the scene and then stopped for a beer to calm his nerves (DN 1, Memorandum at 23-24). Glodjo believes this evidence would have resulted in the jury finding him guilty of a lesser included offense such as reckless homicide which carries only a one to five year sentence (DN 1, Memorandum at 25-26).

Clearly Glodjo has succumbed to the temptation of second-guessing counsels' assistance and his own choices regarding the defense at trial. The issue at trial was Glodjo's intent (or lack thereof) at the time he ran over Cherry. This evidence has no bearing on his chosen defense, it was an accident. Further, while this evidence might be relevant if they pursued an insanity or diminished capacity defense, testimony during the Rule 11.42 evidentiary hearing indicates Glodjo rejected counsel's suggestion that they present a temporary insanity defense at trial. Since Kentucky law prohibits trial counsel from presenting an insanity defense without the consent of the client, Glodjo essentially hamstrung his counsel from using the evidence he now claims they should have presented during the trial. Additionally, during the Rule 11.42 evidentiary hearing Glodjo conceded that he did not advise counsel of his medical and mental condition. Clearly counsel cannot be faulted for an omission by Glodjo. Finally, at best, evidence of post-traumatic stress disorder and alcoholism could have resulted in a conviction for first degree manslaughter which is the verdict he

16

received in the case.  For the above reasons, the undersigned concludes that Glodjo has failed to sustain his burden of demonstrating that counsels' representation fell below an objective standard of reasonableness.  Strickland, 466 U.S. at 688, 690.  Additionally, Glodjo has not demonstrated that there is a "reasonable probability" that, but for the alleged omission by counsel, the result of the proceeding would have been different.  Id. at 694.

Since Glodjo has failed to demonstrate a violation of his Sixth Amendment right to counsel, it is not necessary to perform a § 2254(d) review.  Notwithstanding, the Kentucky Court of Appeals applied Kentucky case law to the circumstances and concluded that Glodjo himself bore some responsibility for not bringing his mental health history to the attention of his attorneys (DN 9, Appendix Volume III at 113).  Notwithstanding his omission, the State appellate court noted without an absolute defense such as insanity, the best result Glodjo could have hoped for was a conviction for first-degree manslaughter due to extreme emotional disturbance, which is the verdict that he received in the case (DN 9, Appendix Volume III at 113).  For the above reasons the Kentucky Court of Appeals found no error of trial counsel on this issue (DN 9, Appendix Volume III at 113).  In sum, the Kentucky Court of Appeals found that Glodjo did not satisfy his burden as to the first prong under Strickland because he failed to bring his mental health history to the attention of his attorneys and refused counsels' suggestion of a temporary insanity defense at trial (DN 9, Appendix Volume III at 112-113).  The Kentucky Court of Appeals found that Glodjo did not satisfy his burden as to the prejudice prong under Strickland because the omitted evidence would not have resulted in a verdict more favorable than the first-degree manslaughter conviction Glodjo actually received (DN 9, Appendix Volume III at 113).  Clearly, the Kentucky Court of Appeals' adjudication of this claim has not resulted in a decision that is either "contrary to" or involved an

17

"unreasonable application of," the rule set forth in <u>Strickland</u>.  <u>Williams</u>, 529 U.S. at 412-413

(quoting § 2254(d)(1)).  Nor has the Kentucky Court of Appeals made an unreasonable

determination of the facts in light of the evidence presented during the State court proceeding.  28

U.S.C. § 2254(d)(2).  In sum, under the standard of review set forth in § 2254(d) Glodjo is not

entitled to a writ on this claim.

For the reasons set forth above, the undersigned concludes jurists of reason would

not find it debatable whether Glodjo has stated a valid claim of the denial of a constitutional right.

<u>Slack</u>, 529 U.S. at 484.  Therefore, the undersigned does not recommend issuance of a Certificate

of Appealability for the ineffective assistance of counsel claim set forth in Ground 6.


G

In Ground 7 Glodjo asserts that he received ineffective assistance because counsel

failed to object to the use of prejudicial evidence during the penalty phase of the case to obtain a

conviction for persistent felony offender (DN 1, Memorandum at 26-29).  More specifically, Glodjo

believes counsel should have objected when the clerk read to the jury the indictments that resulted

in his two prior felony convictions (DN 1, Memorandum at 27).  Glodjo believed both indictments

set forth statements that inflamed the jury in regard to the sentence he received for being a persistent

felony offender (DN 1, Memorandum at 27-29).

In relevant part the opinion of the Kentucky Court of Appeals reads as follows:

"KRS 532.055(2)(a)(2) permits the Commonwealth in a sentencing
hearing to introduce evidence regarding '[t]he nature of the prior
offenses for which he was convicted.'  Additionally, in <u>Maxie v.
Commonwealth</u>, 82 S.W.3d 860 (Ky. 2002), the Kentucky Supreme
Court held that details of the indictment were admissible in the
sentencing phase of the trial under this statute.  Thus, we find this

18

argument by Glodjo to be totally without merit."

(DN 9, Appendix Volume III at 114).  This ruling by the State's appellate court with respect to State law is binding on the federal courts.  Wainwright v. Goode, 464 U.S. 78, 84 (1983) (per curiam); Olsen v. McFaul, 843 F.2d 918, 929 (6th Cir. 1988).  Under the circumstances, Glodjo cannot satisfy either prong under Strickland.  Thus, it is not necessary to perform a § 2254(d) review. Notwithstanding, the Kentucky Court of Appeals' adjudication of this claim has not resulted in a decision that is either "contrary to" or involved an "unreasonable application of," the rule set forth in Strickland.  Williams, 529 U.S. at 412-413 (quoting § 2254(d)(1)).  In sum, under the standard of review set forth in § 2254(d) Glodjo is not entitled to a writ on this claim.

For the reasons set forth above, the undersigned concludes jurists of reason would not find it debatable whether Glodjo has stated a valid claim of the denial of a constitutional right. Slack, 529 U.S. 484.  Therefore, the undersigned does not recommend issuance of a Certificate of Appealability for this claim of ineffective assistance of counsel in Ground 7.


## H

In Ground 8 Glodjo argues he received ineffective assistance because counsel failed to properly prepare him for direct and cross-examination during the trial (DN 1, Memorandum at 29-32).  Specifically, Glodjo is referring to both direct and cross-examination regarding his altercation with Cherry's roommate, Kenneth Chilson, that occurred within moments after Glodjo ran over Cherry (DN 1, Memorandum at 29-32).  Glodjo asserts if defense counsel had told him that direct and cross-examination would cover his altercation with Chilson, he would not have agreed to testify (DN 1, Memorandum at 29-32).  Glodjo contends but for counsels' omission the jury might

19

not have been inflamed and he could have been found guilty of a much lesser included offense such as reckless homicide and he could have received 10 to 20 years instead of the life sentence he received (DN 1, Memorandum at 32).

In making the above argument, Glodjo forgets that his testimony was critical to his defense that it was an accident and that the jury found him guilty of the lesser included offense of first-degree manslaughter.  Further, the testimony of trial counsel during the evidentiary hearing indicates as a tactical matter Glodjo needed to testify, Glodjo understood this and Glodjo agreed to testify.  Thus, Glodjo has not overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.  Strickland, 466 U.S. at 689.  Given the overwhelming evidence presented during both the guilt and penalty phases at trial, the undersigned concludes that Glodjo has not demonstrated there is a "reasonable probability" that, but for the alleged error of counsel, the result of the proceeding would have been different.  Id. at 694.  Rather, Glodjo has merely presented pure speculation to support his contention that the verdicts at the guilt and penalty phases would have been substantially different if he did not testify at trial.

Since Glodjo has failed to demonstrate a violation of his Sixth Amendment right to counsel, it is not necessary to perform a § 2254(d) review.  Notwithstanding, the Kentucky Court of Appeals concluded Glodjo could not satisfy the prejudice prong under Strickland because his testimony on direct and cross-examination regarding the altercation with Chilson was harmless in light of the evidence presented at trial (DN 9, Appendix Volume III at 114-115).  Clearly, the Kentucky Court of Appeals' adjudication of this claim has not resulted in a decision that is either "contrary to" or involved an "unreasonable application of," the rule set forth in Strickland. Williams, 529 U.S. at 412-413 (quoting § 2254(d)(1)).  In sum, under the standard of review set

20

forth in § 2254(d) Glodjo is not entitled to a writ on this claim.

For the reasons set forth above, the undersigned concludes jurists of reason would not find it debatable whether Glodjo has stated a valid claim of the denial of a constitutional right. Slack, 529 U.S. at 484. Therefore, the undersigned does not recommend issuance of a Certificate of Appealability for the claim of ineffective assistance of counsel set forth in Ground 8.

I

In Ground 9 Glodjo alleges during closing argument the prosecutor engaged in misconduct that was so egregious it rendered the entire trial fundamentally unfair (DN 1, Memorandum at 33-38). On direct appeal the Supreme Court of Kentucky concluded Glodjo procedurally defaulted this claim because it had not been preserved at trial (DN 1, Appendix Volume I at 9). The Supreme Court of Kentucky also found Glodjo's claim to be without merit in light of the evidence that was presented during trial and the freedom of a prosecutor to comment on the veracity of a witness, including Glodjo (DN 9, Appendix Volume I at 9). Finally, the Supreme Court of Kentucky concluded that the prosecutor's comment prior to re-playing an excerpt of the witness' testimony to the jury did not misstate that testimony (DN 9, Appendix Volume I at 9-10).

Since the Supreme Court of Kentucky affirmed the conviction on a procedural ground and on the merits, the procedural default will be deemed invoked and federal habeas review on the merits will hinge on a showing of "cause" and "prejudice". Harris v. Reed, 489 U.S. 255, 264 n. 10 (1989). To establish "cause" Glodjo must demonstrate that something external to him impeded his efforts to comply with the State's procedural rule. Coleman v. Thompson, 501 U.S. 722 (1991). Notably, Glodjo has made no effort to establish "cause" to excuse his procedural default. Rather,

21

Glodjo attempts to argue since the Supreme Court of Kentucky alternatively addressed the merits no procedural default occurred (DN 17 at 67-69).  For the reasons set forth above, there is no merit to Glodjo's position.  Since Glodjo has failed to demonstrate both "cause" and "prejudice" to excuse his procedural default before the State courts, federal review of the claim is barred.

The Supreme Court has established a two-prong test that is used to determine whether a Certificate of Appealability should issue on a habeas claim denied on procedural grounds.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-485 (2000).  To satisfy the first prong of the test, Glodjo must demonstrate "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."  <u>Id.</u> at 484.  To satisfy the second prong, Glodjo must show "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Id.</u>  Notably, the Court need not conduct the two-prong inquiry in the order identified or even address both parts if Glodjo makes an insufficient showing on one part.  <u>Id.</u>   For example, if the Court determines Glodjo failed to satisfy the procedural prong then it need not determine whether the constitutional prong is satisfied.  <u>Id.</u>  For the reasons set forth above, the undersigned concludes that a plain procedural bar is present and jurists of reason would not find it debatable whether Glodjo procedurally defaulted the claim and failed to show "cause" and "prejudice" to excuse his procedural default.  For these reasons, the undersigned does not recommend issuance of a Certificate of Appealability as to the claim in Ground 9.


<u>RECOMMENDATION</u>

For the foregoing reasons, it is recommended that Glodjo's petition for writ of habeas corpus be DENIED and that a Certificate of Appealability be DENIED as to each claim asserted in

22

his petition.

<u>NOTICE</u>

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be mailed to all parties.  Within ten (10) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court.  If a party has objections, such objections must be filed within ten (10) days or further appeal is waived.  <u>Thomas v. Arn</u>, 728 F.2d 813 (6th Cir.), <u>aff'd</u>, U.S. 140 (1984).  Counsel will please forward a copy of any objections to the undersigned Magistrate Judge at 126 United States Courthouse, 423 Frederica Street, Owensboro, Kentucky 42301.

Copies:        Petitioner, *pro se*
               Counsel of Record

23